NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMARJIT SINGH; KULJINDER KAUR MANJINDER SINGH; DALVINDER SINGH,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　13-71013<br><br>Agency Nos.　A074-184-629<br>　　　　　　　　A074-184-630<br>　　　　　　　　A074-185-386<br>　　　　　　　　A075-185-387<br><br>MEMORANDUM* |
| AMARJIT SINGH; DALVINDER SINGH, KULJINDER KAUR; MANJINDER SINGH;<br><br>　　　　　Petitioners,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　15-71344<br><br>Agency Nos.　A074-184-629<br>　　　　　　　　A075-185-387<br>　　　　　　　　A074-184-630<br>　　　　　　　　A075-185-386 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 17, 2017[]
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and VANCE,[***] District Judge.

Amarjit Singh ("Singh"), along with his wife, Kuljinder Kaur, and his sons, Dalvinder Singh and Manjinder Singh (collectively "the Singhs"), petition from the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of a removal order of entered by an immigration judge ("IJ") and the underlying order of removal itself. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

In No. 13-71013, the Singhs petition directly from the IJ's order of removal. We have jurisdiction over a final order of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). Review by the BIA is a necessary component of the exhaustion requirement. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

Thus, we lack jurisdiction over the petition in No. 13-71013.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

## II

In No. 15-71344, the Singhs petition from the BIA's dismissal of the Singhs' appeal of the removal order. Because the Singhs exhausted their administrative remedies, there is no jurisdictional bar to prevent us from considering the petition. *See* 8 U.S.C. § 1252(d).

In their petition, the Singhs challenge a prior order that formed the basis for the removal decision. The prior order rescinded Singh's lawful permanent resident status after he was found to have violated 8 U.S.C. § 1182(a)(6)(C)(i) by filing a falsified asylum application. We can review rescission as part of our review of a final order of deportation. *Baria v. Reno*, 94 F.3d 1335, 1338 (9th Cir. 1996).

At the rescission proceedings before the IJ, the government carried its initial burden by demonstrating that an asylum application for an "Amardeep Singh" was filed accompanied by a fingerprint card bearing Singh's fingerprints but signed "Amardeep Singh." Given the multiple inconsistencies and contradictions in Singh's testimony regarding whether he signed the fingerprint card and a blank immigration form or merely blank pieces of paper—which went to the heart of his claim—the IJ's adverse credibility determinations and rejection of such testimony were supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087–88 (9th Cir. 2011). Thus, there is substantial evidence supporting the BIA's decision that the government proved "by clear, unequivocal, and convincing

3

evidence," *Baria*, 94 F.3d at 1340, that Singh "willfully misrepresent[ed] a material fact" while attempting to procure an immigration benefit. 8 U.S.C. § 1182(a)(6)(C)(i).

Because Singh violated § 1182(a)(6)(C)(i), he was inadmissible and thus ineligible for adjustment of status as a permanent resident. *See* 8 U.S.C. § 1255(a). Since there was substantial evidence supporting the rescission of Singh's lawful permanent resident status, there is also substantial evidence supporting the order of removability against the Singhs.

### III

The IJ did not violate Singh's due process rights at the rescission hearing. There is no merit to the claim that the IJ refused to hear testimony from Singh's brother, Manjit; instead, Singh's counsel agreed to accept Manjit's written declaration into the record without oral testimony. Further, we have never held that an IJ is required to hear oral testimony from a petitioner's witnesses in order to determine their credibility. The Singhs have not demonstrated that the IJ failed to consider the twenty-seven statements submitted on his behalf, which do little to illuminate whether Singh willfully submitted the falsified asylum application.

Finally, the IJ's indication that he was ready to decide the case after hearing approximately one hundred pages of testimony from both sides does not show that he failed to behave "as a neutral fact-finder." *Colmenar v. I.N.S.*, 210 F.3d 967,

4

971–72 (9th Cir. 2000). Singh was not "prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quoting *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006)).

IV

The petition in No. 13-71013 is **DISMISSED**.

The petition in No. 15-71344 is **DENIED**.